case number 19-5174 Brian Hammer appellant versus United States of America Mr. Dick appointed amicus curiae for appellant Mr. Hammond for the appellee. Mr. Dick is now unmuted. Good morning and may it please the court Anthony Dick Anthony Dick for the court appointed amicus in support of statute in question resolves this case and because that text is so clear there's really nothing for the court to do other than follow it unless it leads to an absurd result a rational result that's a quite the high bar and the government cannot come close to meeting it in this case but the statute provides simply that if at any time before final judgment it appears that the district court lacks subject matter jurisdiction the case shall be remanded that's 28 USC 1447 C the shall in that sentence is mandatory there's nothing in the text that suggests it has anything other than its ordinary mandatory meaning and for that reason the case shall be remanded there's no question among parties that I Mr. Dick if we agree with you and an order and and require the district court to remand this to the Superior Court won't the Superior Court just dismiss the case it likely will I believe it should but that's under what what could it what could why wouldn't that can you imagine the circumstances under which it would well if the complaint were amended it's possible I suppose it might not but in the case as it is now I think the proper thing for that court to do would be to decide the sovereign immunity issue and then dismiss the case Mr. Hammer could have amended while the case was in the district court couldn't it I think there are different rules that apply in state and federal court for amendments to be allowed or not so it's well in federal court that there was no there was no response of pleading so he didn't need leave of the court or the that's correct your honor but I think the the issue is not is not so much what would happen on on remand the question is whether the court is obligated to follow the plaintext of the statute which puts the the who decides question in the court of the state court rather than the federal court and I think doesn't doesn't 1440 or 1447 seek conflict with 28 USC 6 1631 1631 is that the transfer statute right you have you have 1447 see saying you shall remand and you have 1631 saying that you may transfer the case to a court that has jurisdiction their intention aren't they I don't think they conflict because as I say in the brief I think the transfer statute 1631 applies only to cases that are filed in the court so I don't think it applies here even if the court disagrees and thinks that there is a conflict I think that the narrow carve out of the May in 1631 authorizes a transfer and there's a specific carve out from then the remand so the you know to the extent there's a conflict it would allow the case to be transferred at most but that's very different from allowing it to be dismissed and I think there's again a rational purpose for that because the court excuse me Congress wanted to create a system where the case would be channeled to the proper forum and would not be I would not be dismissed wait a minute this doesn't channel the case to a proper forum it channels the case to it to a court that has no jurisdiction well it's a proper forum in the sense that it is the forum that Congress designated as resolving any jurisdictional defense in the case so Congress could rationally decide what the text says that is if there's a case filed in a state court and there's a jurisdictional defense to be raised a federal jurisdictional defense to be raised that should be finally and conclusively resolved in the state court that's the best way to respect federalism because we assume that state courts can resolve federal issues that are raised as a defense in the ordinary course and if the plain text of the statute is followed it's also going to deter the government from removing this type of case and pointlessly burdening the federal courts because if the court does what the statute says the government will know that it should just assert the very simple sovereign immunity defense in the state court get that resolved there rather than coming in the federal case the case gets under your theory the case gets remanded to the Superior Court of the District of Columbia correct right and why can't the government then remove it again well because presumably it wouldn't want to engage in that kind of Sisyphean exercise where it would only have to be removed there's there's no there's nothing that would stop the government from doing that I think that's correct although there is I 7c that allows the court to read to impose attorneys fees so it says in order remaining the case may require payment of just costs and any actual expenses including attorneys be so I think if the government engaged in that kind of abusive behavior it would start having to pay the cost sir hammer doesn't have an attorney does he I don't believe he does right now but there are costs associated with the with the case why wouldn't law of the case and or collateral stop will apply well because there would be no final judgment that would be binding on the lower court so it'd be a dismissal without there would be the district court will have ruled it didn't have jurisdiction that's right that's right so the government hasn't argued this I think the reason for that is as I understand it for purposes of collateral estoppel a dismissal for lack of jurisdiction does not have binding effect in another proceeding so I think the state court so so your theory is that by enforcing this statute by by having this court say shall mean shall he's got to dismiss it that in the future the government won't seek to remove cases like this anymore it'll just move to dismiss on sovereign immunity grounds in the Superior Court that's right correct and again I think it's a very low threshold because the question before the court is not what the court thinks makes the most sense not what even it thinks Congress was trying to do we have a statute we have clear text and so the only question is whether the absurdity doctrine kicks in that's an extremely high bar it does not authorize courts to rewrite the statutes that Congress passed it's just is this irrational and I don't think you can say it's a rational there's another there's another doctrine that is not embodied in any statute that the Supreme Court has recognized since its decision in Bell v Hood in 1947 and that is that if a complaint is totally frivolous then you can dismiss it without even deciding jurisdiction and that Mount Healthy I think is another Supreme Court case Bell v Hood is the leading case why doesn't that apply here the the Superior Court clearly has no jurisdiction and the Court of Claims has already decided that this is not a contract action so no matter which case or which court the case gets remanded or transferred to mr. Hammers going to lose well I think that's probably right your honor but I think that the statute really is quite clear and to the extent there's any conflict with that doctrine again that's not a doctrine that the government has argued in this case so I can't claim that was jurisdictional though I miss it at least a quasi jurisdictional question right I agree as I recall from my time clerking looking at an issue like this if there's a totally frivolous claim that would be another basis to say that subject matter jurisdiction is lacking and again I think that answers the question of whether there's jurisdiction and then the question of what to do about that is under your theory even if the district court had invoked that theory that jurisdictional theory it would still have had to remand it right correct yes that's correct the statute says once you decide there's no jurisdiction you shall read it but just so that I'm clear on how you think that all of this works if we wrote a hundred page opinion explaining why the government is protected by sovereign immunity here let's just for the sake of argument and then we ordered the case remanded your view is that the Superior Court could decide a new whether the government is protected by sovereign immunity and would not be bound by our decision in any chance and could could reach a different conclusion yes that's correct because of the statute Congress enacted and the clear text of that which does not lead to an irrational result it's not irrational to say we want the state court to have the authority to resolve the scope of its own jurisdiction in a case filed in that court and and if the state court let's say we find the the United States is protected by sovereign immunity it gets remanded the Superior Court disagrees and the government has it gets a judgment against it and it appeals where does that appeal go to the court goes to the DC Court of Appeals and then of course there's a direct appeal or I should say a certiorari available to the US Supreme Court from there so there is a federal backstop but I think it's you know in this type of case quite unlikely you're ever going to need that because I think the presumption is that state courts are quite capable of handling this type of issue it's not a terribly complicated issue in this case okay I'm sorry do you have something well so so just so that I'm clear you believe that that what the Congress intended or at least what the text of the statute requires is that is that if we decide an issue of subject matter jurisdiction that involves like sovereign immunity that essentially is is for naught because it gets sent back to the Superior Court to decide it again and they could decide it differently and the DC Court of Appeals could decide it differently so Congress intended for the decision of the DC Court of Appeals to be the to be the ultimate operative decision in that instance rather than ours yes your honor I think you know it's really more of what the statute says than it necessarily is what Congress intended because as many of the cases that I say say there is a statute that is the law and even if Congress may not have intended that what has the force of law is the text that both houses voted on and the president signed so it may be possible that Congress didn't intend this result but this is what the words that Congress enacted require I don't think they're absurd and I think that ends the case okay thank you mr. deck here from the morning your honors may please the court my name is Derek Hammond and I'm here today on behalf of the Appalachian United States the issue here is is quite narrow it is whether the district court correctly concluded that dismissal rather than a remand back to the state court was appropriate when the government successfully asserted its federal sovereign immunity the answer to that question is yes in every case brought against the United States the plaintiff must be able to identify a statutory waiver of the government's sovereign immunity and in this case mr. hammers sole claim was a purported contract claim against the United States for $37,000 under the Tucker Act the only court in the country authorized to adjudicate such a claims is the US Court of Federal Claims thus there is no dispute that neither the district court nor the state court from which this action originated had jurisdiction to entertain this case nevertheless we're arguing over whether 1447 C requires some sort of a different result to remanding the case back to the DC Superior Court which plainly had no jurisdiction to hear it that that construction fails to account for the statutory context and and yield a patently absurd result I mean well I want the Superior Court just dismiss the case well if we are to take why is that so absurd well if it invites the district courts are the the state court perhaps not to dismiss and then we have these conflicting I know the argument that mr. dick me but can you imagine any circumstances after which the Superior Court would not dismiss the case I mean you don't even think you have you say you you say you don't even seem to think the Superior Court is gonna go rogue here you have you say in footnote 8 that one can hardly imagine a case in which a district court and they're on and on right yes so this isn't gonna happen and so why is it futile why I mean for us to invoke the absurdity doctrine it has to be the result has to be and this is the odds with the intention of Congress of its drafters I mean sure maybe they didn't think about this one aspect of it but is that really demonstrably at odds with the intention of the drafters I think sending sending a case back to a state court that Congress explicitly said should be somewhere else is demonstrably at odds with what they intended they intended this kind of case to be brought in the US Court of Federal Claims not in the state court it's also at odds with 1442 a because we know based on Willingham v Morgan that Congress has decided that federal officers and indeed the federal government self require the protection of a federal forum and so and that they amended 1442 a specifically so that questions involving federal immunity would be resolved once and for all in a federal forum so that statute doesn't I'm confused does it that 14 1442 a one says uses the word may right that yes it gives the government an option to remove to federal court I'm mentioning that is Congress clearly knows the difference between may and shall perhaps but it also knew how to require the the showing of subject matter jurisdiction before granting the power to remove because that's what it did under 1441 it said that you have to have some sort of subject matter jurisdiction before you can remove any that's not present in 1442 a so they clearly thought about and decided against requiring that sort of showing before the removal can be affected and so both of these both the Tucker Act and 1442 a demonstrate that sending this back down to a state court that no one argues has has subject matter jurisdiction is is a waste of judicial resources and party resources and it's particularly important here when we're talking about an issue of immunity because as the as the Supreme Court recognized in Seegert v Gilly one of the purposes of immunities is to spare a defendant not only unwarranted liability but unwarranted demands customarily imposed upon those defending a long drawn-out lawsuit and this only has the effect of sending it to the federal courts and in it back down to the state court and perhaps letting it continue on and I would also like to point out that while sovereign immunity may be a fairly straightforward issue in our case it's not always the case that sovereign immunity is so straightforward and if the state court were to say perhaps sovereign immunity is not there is a waiver in this case and it's allowed to continue well now the case is stuck in state court there is no mechanism for the government to get back to the federal court because under 1446 be a removal can only happen within the first 30 days of service of the pleading so there would there could not be a further removal the federal court once the case is remanded back to state court the government is stuck there and the only way it can it can get a review of a decision that it hasn't waived its sovereign immunity or excuse me yeah that it had that it has waived its sovereign immunity is to find its way up into the Supreme Court that's clearly not what Congress intended here Congress thought about and specifically amended 1442 a to ensure that the case that these sorts of defenses are raised and adjudicated in a federal forum and that the next stop if the cool if the if the district court concludes that there is no sub sovereign I'm sorry sovereign immunity has not been waived the next stop is to a US Court of Appeals these are courts that are expert in dealing with issue federal issues like this such as sovereign immunity this question about the Tucker Act the Tucker Act never says in 1491 a one that the jurisdiction of the Court of Claims is exclusive it doesn't use the words exclusive does it that is correct your honor it is a construction be is construed to be exclusive in this court construed it that way in Greenhill v. Spellings because there is no other statute that waives the government's sovereign immunity for a contract claim in excess of $10,000 I raised that because some of the cases that have employed this futility doctrine to say that well yeah the statute says shall remand but we should read you know all of the statutes in context and and we can dismiss if we're reading everything in context dismissal is the appropriate remedy they have relied on the fact that well there's another statute that says that the only case you can dump sorry the only court that you can bring this in is you know this court or or that explicitly requires dismissal in here you don't have that explicit language why isn't that a problem because the court can hear it unless unless there is a statutory waiver so that is that is akin to the statute that you're referring to in your hypothetical or in one of the cases you've read because it says no other court when and Congress is operating under that framework so when it says this court has jurisdiction to hear this case but it doesn't delineate any other any other court federal or state that that means that you can only go this route and that's how that's how the courts have consistently interpreted this this framework under the Tucker Act that's despite 1331 which says the district court shall have jurisdiction uses the word shall right that's correct your honor right and to get back to a point I made to mr. dick is that the despite 1331 and saying that the district court shall have jurisdiction the Supreme Court is upheld the doctrine that that doesn't apply when the complaint is totally frivolous correct the shell doesn't apply so why isn't the same thing true here exactly wrong so help me understand what if any collateral estoppel effect the court of prior decision has because the district court relied on that below right yes your honor how how and why does collateral estoppel apply to that ruling or are you relying upon that aspect of the district courts ruling well to the extent that everyone agrees that there's no subject matter jurisdiction here the only import that that would have at this point would go to the question of why you shouldn't transfer the case and under 1631 it you only transfer if it would be in the interest of justice and where that that court has already passed upon this exact question it really isn't in the interest of justice to transfer it and I think that so the collateral estoppel issue comes into play there and this court said in Daniels v Department of Interior that a transfer that would be wasteful is just not in the interest of justice under 1631 so so you don't think that collateral estoppel has any role in in in our decision whether to dismiss versus remand no I I don't believe it it required when we're dealing strictly with the issue of sovereign immunity and that and the remand I don't I don't believe it the court needs to consider it apart from the 1631 inquiry I see that my time is is up if you know I'm seated do judge Wilkins or judge Randolph any other questions no no okay thank you mr. dick you were on but you couldn't have one minute thank you your honor I just want to make sure to direct the court's attention to the previous statute that existed before the current version of 1447 C and you can look at that in on page 19 of the reply brief footnote 3 and I think that gives a good example of how Congress could have written the statute if it wanted to provide the option to dismiss or remand so what that statute said before the 1948 amendment is that the courts had the option to quote dismiss the suit or remand it to the court from which it was removed as justice may require so in 1948 the statute was amended to say the case shall be remanded the general revision of the US Code of the judicial code yes your I believe it was there was there a notation that said that the changes were stylistic only I'm not aware of that but I don't if it says that if in the revision of the code it says that that means that the new version of 1447 C is to be construed in the same manner as the old version correct that's what stylistic means I suppose if it were to say it's stylistic and that we're binding that's correct although it doesn't have to say binding there's Supreme Court cases saying if it just says stylistic only then then you can screw them as the same that's an interesting point I'd take a look at that yeah if the what I meant was if the annotation were binding then yes but I wouldn't think that would override the text the clear text that's in the actual statute that says shall remain I think that is the clear text what it means there's no linguistic ambiguity in the text and it's not absurd to reach that result and for that reason I think the decision below should be reversed in the case should be remanded back to the DC okay thank you mr. dick you were appointed by the court to serve as you did a fine job and we are grateful to you for your assistance cases submitted thank you
judges: Tatel, Wilkins, Randolph